## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **Joshua M. Ambush,**<br>  1726 Reisterstown Road,<br>  Hilton Plaza, Suite 206,<br>  Baltimore, MD 21208 | **Civil No.: 14-cv-1657**<br><br>**Re:** |
| **Plaintiff** | **Freedom of Information Act** |
| **v.** | |
| **U. S. Department of State**<br>  2201 C Street NW<br>  Washington, DC 20520 | |
| **Defendant.** | |

## <u>COMPLAINT</u>

**TO THE HONORABLE COURT:**

**COMES NOW,** plaintiff Joshua M. Ambush, Esq. ("Ambush"), through the undersigned counsel, and respectfully states, alleges and prays as follows:

## I.  Introduction

1.  Plaintiff Ambush brings this action under the Freedom of Information Act ("FOIA"), as amended, 5 U.S.C. § 552(a)(4)(B), seeking a preliminary and final injunction against Defendant the U. S. Department of State ("Defendant" or the "Department") from withholding certain information from Plaintiff. Ambush requests that this Honorable Court order and direct Defendant to properly and thoroughly search for the requested information and disclose it to him as required under FOIA and as requested by Ambush.

2.  The information requested by Ambush is related to the case of <u>Vega-Franqui, et al., v. Syrian Arab Republic, et al.</u>, Civil No. 06-734 (RBW) (D.D.C. 2006)

("Vega-Franqui"), and the subsequent administrative proceedings related to that case brought before the Department.

3.   As detailed below, Defendant failed to comply with its duties imposed by FOIA by doing a limited and inadequate search for the documents requested by Ambush, and also by withholding from the documents produced information that is not protected by FOIA or any other statute or regulation.

## II.  Jurisdiction

1.   This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and FOIA, 5 U.S.C. § 552(a)(4)(B), as this is a federal question arising under FOIA.

## III. Venue

1.   Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the defendant resides in this district and a substantial part of the events and omissions giving rise to the claim occurred within this district.

2.   Venue is also proper in this district under 5 U.S.C. § 552(a)(4)(B).

## IV. Parties

1.   Plaintiff Joshua M. Ambush, Esq. ("Ambush"), is an attorney and managing member of the Law Offices of Joshua M. Ambush, LLC.  Plaintiff's address is 1726 Reisterstown Road, Hilton Plaza, Suite 206, Baltimore, Maryland 21208, and his telephone number is (410) 484-2070.  Plaintiff is admitted to the practice of law before this Honorable Court and before the State of Maryland.

2.   Defendant the United States of America Department of State ("Defendant" or the "Department"), is one of the United States' federal executive departments,

and is in charge mainly of international relations.  The Department's address is 2201 C Street NW, Washington, DC 20520.  The address for the Office of Information Programs and Services is SA-2, Department of State, Washington, DC 20522-8100, and the telephone number for the FOIA Program Manager is (202) 261-8359.  The Department is a federal administrative agency within the meaning of FOIA.  <u>See</u> 5 U.S.C. § 552(f)(1).

## V.  Facts

1.  On September 28, 2011, Ambush sent the Department a letter requesting some information under FOIA (the "FOIA Request").  <u>See</u> Exhibit 1, Letter from Ambush to the Department, September 28, 2011.

2.  In this letter, Ambush requested documents related to the case of <u>Vega-Franqui v. Syrian Arab Republic, et al.</u>, Case No. 06-cv-00734-RBW (D.D.C.) ("<u>Vega-Franqui</u>"), and the subsequent administrative proceedings held before the Department under the August 14, 2008, Settlement Agreement between the United States and Libya, the Libyan Claims Resolution Act (Pub. L. 110-301), and Executive Order 13,477.

3.  Ambush was the lawyer for all the plaintiffs in the <u>Vega-Franqui</u> case, including among others, the estates of Ángel Berganzo-Colón, Antonio Rodríguez-Morales and Carmen Eneida Guzmán-Rosado.  <u>See</u> Exhibit 2, <u>Vega-Franqui</u>, Complaint, Dkt. 1, and Exhibit 3, First Amended Complaint, Dkt. 38.

4.  On August 4, 2008, Congress enacted the Libyan Claims Resolution Act.  <u>See</u> Pub. L. 110-301, 122 Stat 2999.  On August 14, 2008, the United States

of America and Libya signed a Claims Settlement Agreement.  <u>See</u> Claims Settlement Agreement between the United States of America and Libya, August 14, 2008.  On October 31, 2008, then President George W. Bush, signed Executive Order No. 13,477 regarding the Settlement of Claims Against Libya.  <u>See</u> Executive Order No. 13,477, 73 Fed. Reg. 65965.

5.  According to the above, the plaintiffs in <u>Vega-Franqui</u> had to voluntarily dismiss their complaint and initiate an administrative proceeding before the Department to claim a compensation for the original claims previously made in the case of <u>Vega-Franqui</u>.  The compensation would come from a fund administered by the Department (the "Fund").

6.  Ambush was also the lawyer for the <u>Vega-Franqui</u> plaintiffs and other claimants in the administrative proceedings before the Department pursuant to the Libya Claims Settlement Agreement, Libyan Claims Resolution Act and Executive Order No. 13,477.  <u>See</u> Exhibit 4, Declarations of Joshua M. Ambush and Retainer Agreements.

7.  Therefore, from 2001 to 2010, Ambush was the lawyer for the original plaintiffs in the case of <u>Vega-Franqui</u> and for all the claimants in the subsequent administrative claim proceedings before the Department.

8.  Currently, Ambush is involved in several lawsuits related to his attorney fees for the services provided to the plaintiffs in the original case of <u>Vega-Franqui</u>, and to the claimants in the administrative proceedings before the Department. These cases include <u>Domenech, et al., v. Guzmán, et al.</u>, Civil No. DAC 2010-3790 (503) and <u>Ambush, et al., v. Domenech, et al.</u>, Civil No. DCD2013-

2891 (501), before the Court of First Instance of Bayamón, Puerto Rico, among others.

9. The cases also address the issue of how the compensation from the Fund was distributed among all the claimants, former clients of Ambush, and how the Department made sure that every person who had a right to the compensation from the Fund being administered by it actually received it.

10. Upon information and belief, despite the Department's efforts to make sure that the compensation from the Fund was properly distributed among all the claimants, some of them may have been excluded by the representative for the Estate and her lawyers from the distribution made in the case of Domenech v. Guzmán.

11. Among the documents requested by Ambush in the FOIA Request were all the records received, prepared, issued or created since 2008 to the present in relation to:

a) the wrongful death claim by the Estate of Ángel Berganzo-Colón initially submitted to the Department's Office of the Legal Adviser, International Claims & Investments Disputes Division;

b) the wrongful death claim by the Estate of Antonio Rodríguez-Morales initially submitted to the Department's Office of the Legal Adviser, International Claims & Investments Disputes Division; and

c) the wrongful death claim by the Estate of Carmen Eneida Guzmán-Rosado initially submitted to the Department's Office of the Legal Adviser, International Claims & Investments Disputes Division.

<u>See</u> Exhibit 1, Letter from Ambush to the Department, September 28, 2011.

12.    The FOIA Request also stated the following:

> As used in this request, the term "records" expressly includes any and all paper, digital, electronic or other interagency and intra-agency correspondence as well as any paper, digital, electronic or other correspondence with any Estate representatives or third parties in your custody or control relating to these claims.  As used in this request, the term "with" includes but is not limited to correspondence from, to, cc'd, bcc'd to any of these Estates, Estate representatives, or third parties.

<u>See</u> Exhibit 1, p. 1.

13.    On October 25, 2011, the Department sent a letter to Ambush informing him that it would process the FOIA Request, which had been assigned the number 200108328.  <u>See</u> Exhibit 5, Letter from the Department to Ambush, October 25, 2011.

14.    Since Ambush did not receive any other communication from the Department, on February 23, 2012, he wrote another letter to the Department reiterating his FOIA Request.  <u>See</u> Exhibit 6, Letter from Ambush to the Department, February 23, 2012.  The Department did not reply.

15.    On February 1, 2013, Ambush wrote another letter to the Department inquiring about his FOIA Request.  <u>See</u> Exhibit 7, Letter from Ambush to the Department, February 1, 2013.

16.    On July 12, 2013, the Department sent Ambush a letter with some documents in response to the FOIA Request.  The letter stated, in the pertinent part, the following:

> The search of the records of the Office of the Legal Adviser has been completed and has resulted in the retrieval of 50 documents

responsive to your request.  After reviewing these documents, we have determined that 40 may be released in full, three may be released with excisions and seven must be withheld in full.  All released material is enclosed.

An enclosure explains Freedom of Information Act exemptions and other grounds for withholding material.  Where we have made excisions, the applicable excisions are marked on each document.  Of the documents withheld in full, all seven were withheld under FOIA exemption (b)(6).

All non-exempt material that is reasonable segregable from the exempt material has been released.

You have the right to appeal our determination within 60 days.  A copy of the appeals procedures is enclosed.  The letter of appeal should refer to the case number shown above.

We have asked the Department's Office of the Legal Adviser to do a follow-up search of its records to determine whether it has any additional documents that may be responsive to your request.

See Exhibit 8, Letter from the Department to Ambush, July 12, 2013.

17.    On July 30, 2013, the Department sent Ambush another letter stating the following:

Please be advised that our search of the records of the Office of the Legal Adviser has been completed and did not yield any additional documents responsive to your request.

[…]

We have now completed the processing of your case.  […]

See Exhibit 9, Letter from the Department to Ambush, July 30, 2013.

18.    The Department's response to the FOIA Request by the letters sent on July 12 and 30, 2013, was inadequate and incomplete.

19.    In addition, there was no justification under 5 U.S.C. § 552(b)(6) for the Department to retain documents or to produce documents with excisions.

20.   On August 5, 2013, Ambush sent to the Department a letter regarding "Freedom of Information Act Appeal for FOIA Request 201108328 Wrongful Death Claims" (the "Administrative Appeal").   <u>See</u> Exhibit 10, Letter from Ambush to the Department, August 5, 2013.

21.   Among others, the grounds for the Administrative Appeal were:

   a)   The Department **did not produce any documents at all** related to the Estate of Carmen Eneida Guzmán-Rosado which should have been produced;

   b)   The Department **did not produce any correspondence of any kind** for any of the requests;

   c)   The exemption to FOIA under 5 U.S.C. § 552(b)(6) covers only "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" and is not applicable here; and

   d)   The search was obviously inadequate and incomplete.

   <u>See</u> Exhibit 10.

22.   On August 8, 2013, the Department wrote to Ambush a letter acknowledging the Administrative Appeal.   <u>See</u> Exhibit 11, letter from Lori Hartman, Appeals Officer, to Joshua M. Ambush, August 8, 2013.

23.   On December 6, 2013, the Department advised Ambush that, since it had not responded to the Administrative Appeal within the 20 days required by law, Ambush was free to seek judicial review.   <u>See</u> Exhibit 12, letter from Lori Hartman, Appeals Officer, to Joshua M. Ambush, December 6, 2013.

## VI. First Cause of Action: Release and Production of the Information Requested

### A. The records related to the claim for the death of Carmen Eneida Guzmán-Rosado

1. On November 26, 2008, Linda Jacobson, Assistant Legal Adviser for African and Near Eastern Affairs for the Department, wrote a letter to Ambush detailing the procedure that the original plaintiffs in the case of Vega-Franqui had to follow in order to make their claims before the Department under the Libya Claims Settlement Agreement.  See Exhibit 13, Letter from Linda Jacobson to Joshua Ambush, November 26, 2008.

2. As the lawyer for all the claimants for the death of Carmen Eneida Guzmán-Rosado, Ambush exchanged numerous documents and correspondence with the representatives from the Department.  Ambush also exchanged email messages with the representatives of the Department in relation to this claim.

3. On February 16, 2010, Ambush sent a letter to Emily J. Kimball, Attorney Adviser for the Department, stating that the claimants were completing the documents requested by the Department for the claim related to the death of Carmen Eneida Guzmán-Rosado.  See Exhibit 14, Letter from Joshua M. Ambush to Emily Kimball, February 16, 2010.

4. As the lawyer for all the claimants, Ambush knows that the Department received and sent numerous documents related to the claim for the death of Carmen Eneida Guzmán-Rosado.

5. Ambush also knows that the Department exchanged correspondence and documents related to this claim with Lourdes Domenech-Guzmán, Neal Sher,

Javier López-Pérez, Michael Engelberg, Eliezer Perr, David Efron, the American Center for Civil Justice, and possibly others.

6. Ambush even received a letter from the Department advising him that the Department had sent correspondence to Neal Sher.  <u>See</u> Exhibit 10, Letter from Ambush to the Department, August 5, 2013, p. 6.

7. Therefore, it is clear from the above that the Department sent and received numerous documents related to the death of Carmen Eneida Guzmán-Rosado.

8. However, the Department did not produce even one document related to this claim in response the FOIA Request.

9. Ambush requests from this Honorable Court that it order the Department to produce all the documents requested by Ambush in the FOIA Request.

**B. Missing correspondence**

1. As stated above, from 2001 to 2010, Ambush was the lawyer for the original plaintiffs in the case of <u>Vega-Franqui</u> and for the claimants in the subsequent administrative proceedings before the Department.

2. The proceedings before the Department generated a great amount of correspondence related to the claims for wrongful death described in the FOIA Request.

3. The Department did not produce any correspondence at all in response to the FOIA Request.

4. Ambush requests from this Honorable Court that it orders the Department to produce all the documents requested by Ambush in the FOIA Request.

## C.  FOIA 552(b)(6) exemption is not applicable here

1.  The Freedom of Information Act "does not apply to matters that are […] personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy…"  5 U.S.C. § 552(b)(6).

2.  The goal of FOIA is broad disclosure of information and, therefore, its exemptions to disclosure have to be construed narrowly.  See Milner v. Department of Navy, 131 S.Ct. 1259, 1262, 1265 (2011).

3.  The U.S. Court of Appeals for the D.C. Circuit has held that "under Exemption 6, the presumption in favor of disclosure is as strong as can be found anywhere in the Act."  Multi Ag Media, LLC v. Department of Agriculture, 515 F.3d 1224, 1227 (D.C. Cir. 2008).  Even assuming, for argument purposes, that there are personal privacy interests in the information requested by the FOIA Request, the public interests in the disclosure of the requested information and analyzing the Department's compliance with the laws outweighs the privacy interests.  See Id, 515 F.3d at 1230 ("a privacy interest may be substantial—more than de minimis—and yet be insufficient to overcome the public interest in disclosure").

4.  In the present case, the Department has not shown how the information requested constitute "personnel and medical files and similar files" under exemption (b)(6).

5.  In addition, the Department has not shown why the disclosure of the information requested "constitute[s] a clearly unwarranted invasion of

personal privacy."

6.    Ambush requests from this Honorable Court that it orders the Department to

produce all the documents requested by Ambush in the FOIA Request.

## VII.    Second Cause of Action: Attorney Fees

1.    FOIA provides that "[t]he court may assess against the United States

reasonable attorney fees and other litigation costs reasonably incurred in any

case under this section in which the complainant has substantially prevailed."

5 U.S.C. § 552(a)(4)(E).

2.    Ambush has employed attorneys to represent him in this action and has

incurred and will continue to incur expenses for attorney's fees and costs.

3.    Ambush requests from this Honorable Court that it orders the Department to

pay him for reasonable attorney fees and other litigation costs reasonably

incurred in this action.

## VIII.    Conclusion

1.    The records referred to above were and are identifiable records within the

meaning of FOIA.   The Department's refusal to disclose to Ambush the

documents requested was wrongful and without lawful reason or excuse, and

Ambush is entitled to the relief provided by FOIA.

2.    As provided by FOIA, Ambush is also entitled to reasonable attorney fees and

other litigations costs incurred in this action.

**WHEREFORE**, Ambush respectfully requests that this Honorable Court grant

him the following remedies:

1.    Order the Department to produce the documents and information requested

by Ambush in the FOIA Request;

2.   Order the Department to reimburse Ambush for reasonable attorney's fees and costs; and

3.   Grant such other and further relief as to the Court may seem proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, PR, today October 3, 2014.

**/s/ Ángel Sosa**
Ángel Sosa
DC Bar No. 1,000,094
E-mail: asosa@tcmrslaw.com

**Toro, Colón, Mullet, Rivera & Sifre, P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760
Attorney for Joshua M. Ambush

complaint foia v6